Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MALONI SEYFARTH; and all others similarly situated.     ) ) ) | |
|     Plaintiff,   ) ) ) | Case No.: |
|   vs.   ) ) | COMPLAINT |
| REESE LAW GROUP, P.L.C.; FORD MOTOR CREDIT COMPANY, LLC; HARLAN M. REESE and JANE DOE REESE, husband and wife,   ) ) ) ) ) | [FDCPA-CLASS ACTION] |
|     Defendants.   ) ) | |

Plaintiff MaLoni Seyfarth, suing on her behalf and the behalf of all others similarly situated, by and through their attorney, Michael D. Kinkley of Michael D. Kinkley, P.S., alleges the following:

### I. COMPLAINT – CLASS ACTION

1.1.     This is an action for damages and remedies against defendants, Reese Law Group, P.L.C.; Harlan M. Reese and Jane Doe Reese, husband and wife, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA"); and for damages and against Reese Law Group, P.L.C.; Harlan M. Reese and Jane Doe Reese, and Ford Motor

COMPLAINT  -1

Credit Corporation, Inc. remedies pursuant to the Washington State

Consumer Protection Act (RCW 19.86 et seq.) ("WCPA"), for damages

and remedies for wrongful garnishment, and statutory wrongful

garnishment.

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. § 2201 and § 2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, a

significant portion of the unlawful acts giving rise to this Complaint

occurred in this District, and the Plaintiff resides within the territorial

jurisdiction of the Court.

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1.    Plaintiff MaLoni Seyfarth is a "consumer" as defined by the FDCPA, 15

U.S.C. §1692a(3).

3.2.    Plaintiff MaLoni Seyfarth is a natural person.

3.3.    Plaintiff MaLoni Seyfarth is alleged to be obligated to pay a debt.

COMPLAINT -2

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.4.   The alleged debt of MaLoni Seyfarth was an alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.5.   The debt of MaLoni Seyfarth alleged owed by the Defendants was an alleged debt on a retail installment contract to purchase a motor vehicle for personal use.

3.6.   Defendant Reese Law Group, P.L.C. was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.7.   Defendant Harlan M. Reese was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.8.   Defendant Reese Law Group, P.L.C. is a "debt collector" as defined by FDCPA, 15 U.S.C. §1692a(6).

3.9.   Defendant Reese Law Group, P.L.C. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another using the telephone and mail.

3.10.  Defendant Harlan M. Reese is a "debt collector" as defined by FDCPA, 15 U.S.C. §1692a(6).

3.11.  Defendant Harlan Reese regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another using the telephone and mail.

COMPLAINT -3

IV. PARTIES

4.1.    Now, and at all relevant times, Plaintiff MeLoni Seyfarth was a resident of the State of Washington residing within the territorial jurisdiction of the United States District Court for the Western District of Washington.

4.2.    Ford Motor Credit Company, LLC, is a limited liability corporation incorporated in the state of Delaware and doing business in the State of Washington.

4.3.    Ford Motor Company, LLC, regularly enters into retail installment contracts with Washington consumers.

4.4.    Defendant Reese Law Group, P.L.C. is a California Professional Law Corporation.

4.5.    Defendants Reese Law Group P.L.C. and Harlan M. Reese are the attorneys for Ford Motor Credit Company, LLC.

4.6.    All acts done by Reese Law Group, P.L.C., were done on its own behalf, and on behalf of Ford Motor Credit Company, LLC.

4.7.    Defendant Harlan M. Reese is an attorney licensed to practice law in the State of Washington, WSBA # 31005.

4.8.    Harlan M. Reese is an employee of Reese Law Group. All acts done by Harlan M. Reese were done on his behalf, on behalf of Jane Doe Reese

COMPLAINT -4

and the marital community, on behalf of Reese Law Group, P.L.C. and
on behalf of Ford Motor Credit Company, LLC.

## V. FACTS

5.1.    On September 27, 2001, Defendant Ford Motor Credit Company, LLC,
filed a Complaint in *Ford Motor Credit Company v. Seyfarth,* Clark
County District Court Case No.: 277118-04 ("District Court Collection
Lawsuit").

5.2.    The District Court Collection Lawsuit was an attempt to collect an
alleged deficiency debt from the repossession and sale of a motor
vehicle.

5.3.    The repossessed motor vehicle was for the personal, household, and
family use of the Plaintiff.

5.4.    The District Court Collection Lawsuit was an attempt to collect an
alleged debt which was incurred primarily for person, family or
household purposes.

5.5.    On December 18, 2001, Ford Motor Credit Company obtained a default
judgment in the District Court Collection Lawsuit in the amount of
$4,819.40.

5.6.    On December 2, 2003, Defendant Ford Motor Credit Company, LLC,
filed the judgment obtained in District Court Collection Lawsuit in *Ford*

COMPLAINT -5

*Motor Credit Company v. Seyfarth*, Clark Superior Court Case No.: 03-2-07192-1 ("Superior Court Collection Lawsuit").

5.7.    On November 24, 2008, Defendant Reese Law Group P.L.C, filed an "Application for Writ of Garnishment" in the Superior Court Collection Lawsuit.

5.8.    The November 24, 2008, Application for Garnishment was prepared by Reese Law Group, P.L.C.

5.9.    The November 24, 2008, Application was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

5.10.   The November 24, 2008, Application for Garnishment was signed by Defendant Harlan M. Reese on November 17, 2008.

5.11.   The November 24, 2008, Application for Garnishment at paragraph "1.2", reads, "The amount alleged to be due is the balance of the judgment or amount of claim, $351.96, plus interest and estimated garnishment costs as indicated in the writ."

5.12.   The November 24, 2008, Application for Garnishment at paragraph "1.3", reads, "Plaintiff has reason to believe and does believe, that, FRED MEYER STORES (garnishee) 3800 SE 22nd Ave, Portland, OR

COMPLAINT -6

97202, [x] indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law."

5.13.    On November 24, 2008, Defendant Reese Law Group P.L.C, presented a "Writ of Garnishment (Continuing Lien on Earnings – After Judgment)" to the Court in the Superior Court Collection Lawsuit.

5.14.    The November 24, 2008, Garnishment Writ was prepared by Defendant Reese Law Group, P.L.C.

5.15.    The November 24, 2008, Garnishment Writ was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

5.16.    The November 24, 2008, Garnishment Writ was signed by Defendant Harlan M. Reese.

5.17.    The November 24, 2008, Garnishment Writ contains the un-redacted social security number of Plaintiff MeLoni Seyfarth.

5.18.    The statement in the November 24, 2008, Application for Garnishment, "interest and estimated garnishment costs as indicated in the writ", referred to the November 24, 2008, Garnishment Writ.

5.19.    The November 24, 2008, Garnishment Writ contained the following paragraph at page 3 of 3, "[x] This writ is issued by the undersigned attorney of record for plaintiff under the authority of Chapter 6.27 RCW,

COMPLAINT  -7

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

and must be complied with in the same manner as a writ issued by the clerk of the court."

5.20.   The November 24, 2008, Garnishment Writ was issued by Defendant Harlan M. Reese.

5.21.   Washington Law, RCW 6.27.020, does not permit an attorney to issue a writ of garnishment in a superior court case.

5.22.   The November 24, 2008, Garnishment Writ, "the amount to be held to satisfy the indebtedness is $5,182.58…"

5.23.   The amount of $5,182.58, is an amount which includes costs and fees associated with prior unsuccessful garnishments.

5.24.   The November 24, 2008, Garnishment Writ states the, "Balance of Judgment: (unpaid principle)" is "$351.96."

5.25.   The November 24, 2008, Garnishment Writ states the, "Garnishment Attorney Fees:" are, "$250.00".

5.26.   Washington Law at RCW 6.27.090, limits the amount of attorney fees which may be recovered in a garnishment proceeding to, "the amount greater of fifty dollars or ten percent of (a) the amount of the judgment remaining unsatisfied or (b) the amount prayed for in the complaint.  The garnishment attorney fee shall not exceed two hundred fifty dollars."

COMPLAINT -8

5.27.   The amount of the judgment remaining unsatisfied on November 24, 2008, was $351.96.

5.28.   Ten percent (10%) of $351.96 is less than $35.20.

5.29.   $250.00 is an amount greater than $35.20.

5.30.   The November '08 Application requested a garnishment attorney fee is excess of that allowed by law.

5.31.   Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the November 24, 2008, Application for Garnishment filed against Plaintiff MeLoni Seyfarth.

5.32.   Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the November 24, 2008, Garnishment Writ filed against Plaintiff MeLoni Seyfarth.

5.33.   On January 20, 2009, Defendant Reese Law Group P.L.C, filed an "Application for Writ of Garnishment" in the Superior Court Collection Lawsuit.

5.34.   The January 20, 2009, Application for Garnishment was prepared by Reese Law Group, P.L.C.

5.35.   The January 20, 2009, Application for Garnishment was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

COMPLAINT -9

5.36.   The January 20, 2009, Application for Garnishment was signed by Defendant Harlan M. Reese on January 7, 2009.

5.37.   The January 20, 2009, Application for Garnishment at paragraph "1.2", reads, "The amount alleged to be due is the balance of the judgment or amount of claim, $351.96, plus interest and estimated garnishment costs as indicated in the writ."

5.38.   The January 20, 2009, Application for Garnishment at paragraph "1.3", reads, "Plaintiff has reason to believe and does believe, that, <u>FRED MEYER STORES</u> (garnishee) 3800 SE 22nd Ave, Portland, OR 97202, [x] indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law."

5.39.   On January 20, 2009, Defendant Reese Law Group P.L.C, presented a "Writ of Garnishment (Continuing Lien on Earnings – After Judgment)" to the Court in the Superior Court Collection Lawsuit.

5.40.   The January 20, 2009, Garnishment Writ was prepared by Defendant Reese Law Group, P.L.C.

5.41.   The January 20, 2009, Garnishment Writ was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

COMPLAINT -10

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.42.  The January 20, 2009, Garnishment Writ was signed by Defendant Harlan M. Reese.

5.43.  The January 20, 2009, Garnishment Writ contains the un-redacted social security number of Plaintiff MeLoni Seyfarth.

5.44.  The statement in the January 20, 2009, Garnishment Application, "interest and estimated garnishment costs as indicated in the writ", referred to the January 20, 2009, Garnishment Writ.

5.45.  The January 20, 2009, Garnishment Writ contained the following paragraph at page 3 of 3, "[x] This writ is issued by the undersigned attorney of record for plaintiff under the authority of Chapter 6.27 RCW, and must be complied with in the same manner as a writ issued by the clerk of the court."

5.46.  The January 20, 2009, Garnishment Writ was issued by Defendant Harlan M. Reese.

5.47.  Washington Law, RCW 6.27.020, does not permit an attorney to issue a writ of garnishment in a superior court case.

5.48.  The January '09 Writ of Garnishment states, "the amount to be held to satisfy the indebtedness is $5,467.74…"

5.49.  The amount of $5,467.74, is an amount which includes costs and fees associated with prior unsuccessful garnishments.

COMPLAINT -11

5.50.  The January '09 Writ of Garnishment states the, "Balance of Judgment: (unpaid principle)" is "$351.96."

5.51.  The January '09 Writ of Garnishment states the, "Garnishment Attorney Fees:" are, "$250.00".

5.52.  Washington Law at RCW 6.27.090, limits the amount of attorney fees which may be recovered in a garnishment proceeding to, "the amount greater of fifty dollars or ten percent of (a) the amount of the judgment remaining unsatisfied or (b) the amount prayed for in the complaint.  The garnishment attorney fee shall not exceed two hundred fifty dollars."

5.53.  The amount of the judgment remaining unsatisfied on January 20, 2009, was $351.96.

5.54.  Ten percent (10%) of $351.96 is less than $35.20.

5.55.  $250.00 is an amount greater than $35.20.

5.56.  The January 20, 2009, Application for Garnishment requested a garnishment attorney fee is excess of that allowed by law.

5.57.  Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the January 20, 2009, Application for Garnishment filed against Plaintiff MeLoni Seyfarth.

COMPLAINT -12

5.58.   Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the January 20, 2009, Garnishment Writ filed against Plaintiff MeLoni Seyfarth.

5.59.   On April 2, 2009, Defendant Reese Law Group P.L.C, filed an "Application for Writ of Garnishment" in the Superior Court Collection Lawsuit.

5.60.   The April 2, 2009 Application for Garnishment was prepared by Reese Law Group, P.L.C.

5.61.   The April 2, 2009 Application for Garnishment was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

5.62.   The April 2, 2009 Application for Garnishment was signed by Defendant Harlan M. Reese on March 27, 2009.

5.63.   The April 2, 2009 Application for Garnishment at paragraph "1.2", reads, "The amount alleged to be due is the balance of the judgment or amount of claim, $97.22, plus interest and estimated garnishment costs as indicated in the writ."

5.64.   The April 2, 2009 Application for Garnishment at paragraph "1.3", reads, "Plaintiff has reason to believe and does believe, that, <u>FRED MEYER STORES</u> (garnishee) 3800 SE 22nd Ave, Portland, OR 97202, [x]

COMPLAINT  -13

indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law."

5.65.   On April 2, 2009, Defendant Reese Law Group P.L.C, presented a "Writ of Garnishment (Continuing Lien on Earnings – After Judgment)" to the Court in the Superior Court Collection Lawsuit.

5.66.   The April 2, 2009, Garnishment Writ was prepared by Defendant Reese Law Group, P.L.C.

5.67.   The April 2, 2009, Garnishment Writ was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

5.68.   The April 2, 2009, Garnishment Writ was signed by Defendant Harlan M. Reese.

5.69.   The April 2, 2009, Garnishment Writ contains the un-redacted social security number of Plaintiff MeLoni Seyfarth.

5.70.   The statement in the April 2, 2009, Application for Garnishment, "interest and estimated garnishment costs as indicated in the writ" referred to the April 2, 2009, Garnishment Writ.

5.71.   The April 2, 2009, Garnishment Writ contained the following paragraph at page 3 of 3, "[x] This writ is issued by the undersigned attorney of record for plaintiff under the authority of Chapter 6.27 RCW, and must

COMPLAINT -14

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

be complied with in the same manner as a writ issued by the clerk of the court."

5.72.  The April '09 Writ was issued by Defendant Harlan M. Reese.

5.73.  Washington Law, RCW 6.27.020, does not permit an attorney to issue a writ of garnishment in a superior court case.

5.74.  The April 2, 2009, Garnishment Writ states, "the amount to be held to satisfy the indebtedness is $5,504.48…"

5.75.  The amount of $5,504.48, is an amount which includes costs and fees associated with prior unsuccessful garnishments.

5.76.  The April 2, 2009, Garnishment Writ states the, "Balance of Judgment: (unpaid principle)" is "$97.22."

5.77.  The April 2, 2009, Garnishment Writ states the, "Garnishment Attorney Fees:" are, "$250.00".

5.78.  Washington Law at RCW 6.27.090, limits the amount of attorney fees which may be recovered in a garnishment proceeding to, "the amount greater of fifty dollars or ten percent of (a) the amount of the judgment remaining unsatisfied or (b) the amount prayed for in the complaint.  The garnishment attorney fee shall not exceed two hundred fifty dollars."

5.79.  The amount of the judgment remaining unsatisfied on April 2, 2009 was $97.22.

COMPLAINT -15

5.80.   Ten percent (10%) of $97.22 is less than $9.73.

5.81.   $250.00 is an amount greater than $9.73.

5.82.   The April '09 Application requested a garnishment attorney fee is excess of that allowed by law.

5.83.   Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the April 2, 2009, Application Garnishment filed against Plaintiff MeLoni Seyfarth.

5.84.   Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the April 2, 2009, Garnishment Writ filed against Plaintiff MeLoni Seyfarth.

5.85.   On September 4, 2009, Defendant Reese Law Group P.L.C, filed an "Application for Writ of Garnishment" in the Superior Court Collection Lawsuit.

5.86.   The September 4, 2009, Application for Garnishment was prepared by Reese Law Group, P.L.C.

5.87.   The September 4, 2009, Application for Garnishment was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

5.88.   The September 4, 2009, Application for Garnishment was signed by Defendant Harlan M. Reese on August 25, 2009.

COMPLAINT -16

5.89.  The September 4, 2009, Application for Garnishment at paragraph "1.2", reads, "The amount alleged to be due is the balance of the judgment or amount of claim, $0.00, plus interest and estimated garnishment costs as indicated in the writ."

5.90.  The September 4, 2009, Application for Garnishment at paragraph "1.3", reads, "Plaintiff has reason to believe and does believe, that, <u>FRED MEYER STORES</u> (garnishee) 3800 SE 22nd Ave, Portland, OR 97202, [x] indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law."

5.91.  On September 04, 2009, Defendant Reese Law Group P.L.C, presented a "Writ of Garnishment (Continuing Lien on Earnings – After Judgment)" with the Court in the Superior Court Collection Lawsuit.

5.92.  The September 04, 2009 Writ of Garnishment was prepared by Defendant Reese Law Group, P.L.C.

5.93.  The September 04, 2009 Writ of Garnishment was generated by computer software which merges data into a premade form Application for Writ of Garnishment.

5.94.  The September 04, 2009 Writ of Garnishment was signed by Defendant Harlan M. Reese.

COMPLAINT  -17

5.95. The September 04, 2009 Writ of Garnishment contains the un-redacted social security number of Plaintiff MeLoni Seyfarth.

5.96. The statement in the September 04, 2009 Application for Garnishment, "interest and estimated garnishment costs as indicated in the writ" referred to the September 04, 2009 Writ of Garnishment.

5.97. The September 04, 2009 Writ of Garnishment contained the following paragraph at page 3 of 3, "[x] This writ is issued by the undersigned attorney of record for plaintiff under the authority of Chapter 6.27 RCW, and must be complied with in the same manner as a writ issued by the clerk of the court."

5.98. The September 04, 2009 Writ of Garnishment was issued by Defendant Harlan M. Reese.

5.99. Washington Law, RCW 6.27.020, does not permit an attorney to issue a writ of garnishment in a superior court case.

5.100. The September '09 Writ of Garnishment states, "the amount to be held to satisfy the indebtedness is $5,461.41…"

5.101. The amount of $5,461.41, is an amount which includes costs and fees associated with prior unsuccessful garnishments.

5.102. The September 04, 2009 Writ of Garnishment states the, "Balance of Judgment: (unpaid principle)" is "$0.00."

COMPLAINT -18

5.103. The September 04, 2009 Writ of Garnishment states the, "Garnishment Attorney Fees:" are, "$250.00".

5.104. Washington Law at RCW 6.27.090, limits the amount of attorney fees which may be recovered in a garnishment proceeding to, "the amount greater of fifty dollars or ten percent of (a) the amount of the judgment remaining unsatisfied or (b) the amount prayed for in the complaint. The garnishment attorney fee shall not exceed two hundred fifty dollars."

5.105. The amount of the judgment remaining unsatisfied on September 04, 2009 was $0.00.

5.106. Ten percent (10%) of $0.00 is $0.00.

5.107. $250.00 is an amount greater than $0.00.

5.108. The September 04, 2009, Application for Garnishment requested a garnishment attorney fee is excess of that allowed by law.

5.109. Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the September 04, 2009, Application for Writ of Garnishment filed against Plaintiff MeLoni Seyfarth.

5.110. Defendants Reese Law Group, P.L.C. and Harlan M. Reese approved the form of the September 04, 2009 Writ of Garnishment filed against Plaintiff MeLoni Seyfarth.

COMPLAINT -19

# VI. DEFENDANTS PRACTICES

6.1    Defendants Reese Law Group, P.L.C. and Harlan M. Reese, use computer technology to collect or attempt to collect debts.

6.2    Defendants Reese Law Group, P.L.C. and Harlan M. Reese use a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

6.3    Defendants Reese Law Group, P.L.C. and Harlan M. Reese, have standardized procedures and used standardized forms to collect debts.

6.4    The November 24, 2008 Application and Writ for Garnishment was created using a standardized form or template.

6.5    The template which was used to create the November 24, 2008 Application and Writ for Garnishment is part of the computer program or database used by Defendants Reese Law Group, P.L.C. and Harlan M. Reese, as a collection system.

6.6    The November 24, 2008, Application and Writ for Garnishment was created by merging data information from the collection database into the standardized template.

6.7    The January 20, 2008, Application and Writ for Garnishment was created using a standardized form or template.

COMPLAINT  -20

6.8    The template which was used to create the January 20, 2008, Application and Writ for Garnishment is part of the computer program or database used by Defendants Reese Law Group, P.L.C. and Harlan M. Reese, as a collection system.

6.9    The January 20, 2008, Application and Writ for Garnishment was created by merging data information from the collection database into the standardized template.

6.10    The April 2, 2009, Application and Writ for Garnishment was created using a standardized form or template.

6.11    The template which was used to create the April 2, 2009, Application and Writ for Garnishment is part of the computer program or database used by Defendants Reese Law Group, P.L.C. and Harlan M. Reese, as a collection system.

6.12    The April 2, 2009, Application and Writ for Garnishment was created by merging data information from the collection database into the standardized template.

6.13    The September 4, 2009, Application and Writ for Garnishment was created using a standardized form or template.

6.14    The template which was used to create the September 4, 2009, Application and Writ for Garnishment is part of the computer program or

COMPLAINT -21

database used by Defendants Reese Law Group, P.L.C. and Harlan M. Reese, as a collection system.

6.15  The September 4, 2009, Application and Writ for Garnishment was created by merging data information from the collection database into the standardized template.

6.16  Defendant Reese Law Group, P.L.C. requests a $250.00 garnishment attorney fee with each garnishment.

6.17  Defendant Reese Law Group has garnished Plaintiff MeLoni Seyfarth.

6.18  Defendant Reese Law Group has filed twenty-one (21) Applications for Writ of Garnishment and twenty-one (21) Writs of Garnishment in the Superior Court Collection Lawsuit.

6.19  Defendant Reese has requested a garnishment attorney fee of Two-Hundred and Fifty Dollars ($250.00) each time it filed an Application and Writ for Garnishment, for a total of $5,250.00.

6.20  Not every Writ of Garnishment issued in the Superior Court Collection Lawsuit resulted in the garnishment of funds.

6.21  Defendant Reese Law Group, P.L.C. requested a garnishment attorney fee of Two Hundred and Fifty Dollars ($250.00) even when the Writ of Garnishment was unsuccessful in garnishing Plaintiff MeLoni Seyfarth's funds.

COMPLAINT -22

6.22  The defendants filed applications for writs of garnishment and writs of garnishment seeking costs and fees associated with previous, unsuccessful writs.

6.23  The defendants requested fees and costs in violation of the Washington State Supreme Court's holding in *Watkins v. Peterson Enterprises*, 137 Wn.2d 632, 973 P.2d 1037, by filing applications for writs of garnishments seeking fees and costs associated with previous, unsuccessful writs.

6.24  During 2005, Defendants Reese Law Group, P.L.C. and Harlan M. Reese used the application for writ of garnishment and writ of garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

6.25  During 2006, Defendants Reese Law Group, P.L.C. and Harlan M. Reese used the application for writ of garnishment and writ of garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

6.26  During 2007, Defendants Reese Law Group, P.L.C. and Harlan M. Reese used the application for writ of garnishment and writ of garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

COMPLAINT -23

6.27   During 2008, Defendants Reese Law Group, P.L.C. and Harlan M. Reese used the application for writ of garnishment and writ of garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

6.28   During 2009, Defendants Reese Law Group, P.L.C. and Harlan M. Reese used the application for writ of garnishment and writ of garnishment forms to initiate garnishment proceeding against more than 100 debtors in the State of Washington.

## VII. CLASS ALLEGATIONS

7.1   This action is brought on behalf of a class consisting of:

   (i)   all persons in the state of Washington;

        a.   against whom the defendants attempted to collect a garnishment attorney fee in an amount greater than that permitted by Washington Law; and/or

        b.   against whom the defendants unlawfully issued a writ of garnishment in a Washington State Superior Court; and/or

        c.   against whom defendants attempted to collect garnishment costs and attorney fees in violation of

COMPLAINT -24

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Watkins v. Peterson Enterprises*, 137 Wn.2d 632, 973 P.2d 1037;

 (ii) in an attempt to collect a debt incurred for personal, family, or household purposes;

7.2 The class period for the FDCPA claims is one year prior to the date of filing this action.  The class period for the WCPA and is the four-year period prior to the date of the filing of this Complaint.

7.3 The class is sufficiently numerous that joinder of all members is impractical.

7.4 There are questions of law and fact common to the class, which questions predominate over any questions peculiar to individual class members. The principal issues include whether defendants violated the FDCPA , and the WCPA by:

 a. Attempting to collect an amount in excess of that allowed by law or contract;

 b. Seeking unreasonable garnishment attorney fees;

 c. Seeking garnishment attorney fees in an amount greater than that allowed by law;

 d. Using false representations or deceptive means to collect or attempt to collect an alleged debt;

COMPLAINT -25

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

e.          Using unfair or deceptive acts or practices to collect or attempt to collect an alleged debt;

f.          Threatening action that could not legally be taken;

g.          Attempting to collect fees and/or costs in excess of that allowed by Washington law;

h.          Issuing writs of garnishment without authority of law;

7.5     There are no individual questions, other than issues which can be determined by a ministerial inspection of defendants' records. There are no individual questions peculiar to individual class members.

7.6     Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

7.7     Plaintiff will fairly and adequately represent the interest of the class members. She is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in prosecuting class actions and claims involving unlawful collection matters. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

7.8     A class action is a superior method for the fair and efficient adjudication of this controversy.

COMPLAINT -26

7.9    Class wide damages are essential to induce defendants to comply with the law.

7.10   The interest of the class members in individually controlling the presentation of separate claims against the defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00.

7.11   Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights.  In the absence of a class action, a failure of justice will result.

7.12   Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

## VIII. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

8.1    The debt collector defendants, through their own acts, by and through their agents and employees, and their policies and procedures, have violated the FDCPA, which has caused damage to the Plaintiff.

COMPLAINT  -27

8.2     The Defendants falsely represented the character, amount, and/or legal status of the alleged debt, violating 15 USC § 1692e, 15 USC § 1692e(2)(A), and other provisions of the FDCPA.

8.3     The Defendants have threatened to take action that cannot legally be taken, violating 15 USC § 1692e, 15 USC § 1692e(5) and other provisions of the FDCPA.

8.4     The debt collector defendants made misleading and deceptive statements in the collection of a debt in violation of 15 USC § 1692e.

8.5     Defendants have used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC § 1692f including but not limited to 15 USC § 1692f(1).

8.6     Defendants have collected or attempted to collect collection charges, interest and attorney fees in excess of the collection charges, interest and attorney fees in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

8.7     The attempt to collect or collection of such an amount is neither expressly authorized by an agreement creating the debt nor permitted by law, therefore in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA.

COMPLAINT -28

8.8     The Defendants violation of the FDCPA has caused actual Damages

to the Plaintiffs and members of the class.

## IX. VIOLATION OF THE
## CONSUMER PROTECTION ACT

9.1     All Defendants violated the Washington Consumer Protection Act

("WCPA").

9.2     Defendants Reese Law Group, P.L.C., Ford Motor Credit and Harlan

M. Reese, personally and/or by and through their agents and

employees, policies and procedures, have engaged in deceptive acts

and practices, unfair acts and practices, and unfair methods of

competition that have caused injury to the plaintiff.

9.3     Defendants Reese Law Group, P.L.C., Ford Motor Credit and Harlan

M. Reese have engaged in unfair and deceptive acts and practices in

attempting to collect an alleged debt from the plaintiff.

9.4     Defendants Reese Law Group, P.L.C., Ford Motor Credit and Harlan

M. Reese are each in the business of debt collection in trade or

commerce.

9.5     Unlawful and Unfair Debt Collections is against public interest.

COMPLAINT  -29

9.6     Defendants Reese Law Group, P.L.C., Ford Motor Credit and Harlan

        M. Reese's actions were the direct cause of injury to plaintiff's

        property.

9.7     Plaintiff MeLoni Seyfarth's funds in excess of an amount allowed by

        law were seized by the defendants, based on the misrepresentation of

        the defendant.

9.8     The violations have harmed and unless enjoined will continue to harm

        the public interest by causing Plaintiff and other similarly situated to

        pay collection charges and attorney fees that are unfair, deceptive,

        unlawful, and an unfair method of competition.

9.9     The Consumer Protection Act of the State of Washington requires

        that all collection agents and debt collectors abstain from unfair or

        deceptive practices or acts and unfair methods of competition.

9.10    Defendant Reese Law Group, P.L.C. is a for profit corporation.

9.11    Plaintiff Seyfarth suffered an injury to property since her funds were

        taken by unlawful garnishment and incurred attorney fees in excess of

        that allowed by law.

9.12    The entrepreneurial acts and practices of an attorney are subject to the

        Consumer Protection Act, RCW 19.86 and subsequent sections.

COMPLAINT -30

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

9.13    The Consumer Protection Act of the State of Washington requires that all attorneys engaging in the entrepreneurial acts and practices abstain from unfair or deceptive practices or acts and unfair methods of competition.

9.14    Defendant Reese Law Group and Harlan M. Reese personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition in the entrepreneurial practice of law that have caused injury to the plaintiffs.

9.15    Defendant Reese Law Group inflated its attorney fees with deceptive applications for garnishment.

X. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

10.1.   Actual damages;

10.2.   Statutory damages pursuant to the FDCPA, 15 U.S.C.  § 1692k(a)(2).

10.3.   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

10.4.   Costs and reasonable attorney's fees pursuant to the Washington Consumer Protection Act, RCW 19.86;

COMPLAINT  -31

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

10.5.   Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86;

10.6.   Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act;

10.7.   Disgorgement of all money collected by defendants from members of the class;

10.8.   Disgorgement of all interest, collection costs and attorney fees collected in excess of that allowed by RCW 6.27.090.

10.9.   Injunction prohibiting the defendants from attempting to collect collection fees, interest, attorney fees and other charges unless allowed by law.

10.10. Injunction prohibiting defendants from issuing unlawful writs of garnishment in superior court;

10.11. Injunction prohibiting defendants from listing the full and un-redacted social security number of judgment debtors on pleadings filed with the court unless filed under seal as required by Washington Law; and

COMPLAINT  -32

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

1

10.12. For such other and further relief as may be just and proper.

2

DATED this 23rd day of November, 2009.

3

4

*Michael D. Kinkley P.S.*

5

6
/s Michael D. Kinkley
Michael D. Kinkley
7
WSBA # 11624
Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT  -33